```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 2  2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PJETER GJONI, on behalf of                    :
himself and all others similarly-situated,    :
                                              :
                            Plaintiff,        :           MEMORANDUM DECISION
                                              :               AND ORDER
        -against-                             :
                                              :           14 Civ. 8982 (GBD)
                                              :
ORSID REALTY CORP., 145 EAST 15TH             :
STREET TENANTS CORP., and GERARD              :
MOUNIC, in his individual and professional    :
capacities,                                   :
                                              :
                            Defendants.       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

     Pjeter Gjoni ("Plaintiff") brings this civil action, on behalf of himself and all others similarly-situated, against Defendants, Orsid Realty Corporation ("Orsid Realty"), 145 East 15th Street Tenants Corporation ("145 East 15th Street"), and Gerard Mounic ("Mounic") (collectively "Defendants"), for violations under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulation ("NYCRR"). From 2007 through 2014, Plaintiff was a building superintendent for one of Defendants' apartment complexes overseen and managed by Defendants Orsid Realty and 145 East 15th Street. Plaintiff alleges that Defendants failed to pay him for all hours he worked on weekdays and on the weekends.

     Defendants move to dismiss Plaintiff's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction on two grounds. First, Defendants argue this Court lacks subject-matter jurisdiction to hear Plaintiff's claims because Plaintiff's sole and exclusive remedy is arbitration. Plaintiff is a member of the Local Union 32BJ of Service Employees' International Union (the "Union"), and his employment is governed by the Union's

1

collective bargaining agreement ("CBA"). Defendants argue that the CBA contains clear and explicit language that mandates Plaintiff's claims to be first grieved by the Union and if unresolved, arbitrated as the sole and exclusive remedy. Defendants' second ground for dismissal is that Plaintiff's claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"). Defendants contend that Plaintiff's claims would require substantial interpretation of the CBA's wage and overtime requirements, which, as provided in the CBA, is a question for an arbitrator and not for this Court.

In the event this Court does not dismiss the entire complaint for lack of subject-matter jurisdiction, Defendants move for partial dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants argue that Plaintiff's third cause of action fails to state a claim for overtime compensation under the NYLL because Plaintiff's job as a building superintendent fits within the janitorial exemption. Defendants also argue that Defendant Mounic should be dismissed from the case as a named defendant because Mounic's role as the co-op board president for Defendant 145 East 15th Street does not make him an "employer" under the FLSA and the NYLL.

Defendants' Motion to Dismiss is DENIED.[1]

---

[1] In particular, Defendants' Motion to Dismiss under Rule 12(b)(1) is DENIED on the merits and as procedurally improper. This motion relies on an extraneous document, the CBA, which is not referenced in nor attached to Plaintiff's complaint. The Second Circuit has forbidden district courts from considering extraneous documents like the CBA on a motion to dismiss. See Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 202–203 (2d Cir. 2013). However, despite this procedural defect, this Court addresses Defendants' arguments and refers to those relevant portions of the CBA, finding Defendants' arguments without merit. See Kaye v. Orange Reg'l Med. Ctr., 975 F. Supp. 2d 412, 419–20 (S.D.N.Y. 2013) (addressing the defendant's arguments on the merits while still holding the defendant's motion under Rule 12(b)(1) was procedurally improper).

I.  **Plaintiff's Allegations**[2]

From July 2007 to September 2014, Plaintiff worked as a building superintendent for an apartment complex located on 145 East 15th Street, New York, New York. Orsid Realty is a domestic corporation that provides full service real estate management services to its clients. Defendant 145 East 15th Street is a tenant corporation, or a co-op, that manages the affairs of the co-op's residential building.[3] Plaintiff alleges that both Orsid Realty and Defendant 145 East 15th Street oversee and manage the property, including the hiring and compensation of employees on the property. Mounic is the chief executive officer and co-op board president for Defendant 145 East 15th Street. Plaintiff alleges that in this position, Mounic personally managed the day-to-day operations of Defendant 145 East 15th Street and is responsible for payment of wages to the employees, including the employees' method of payment and the hours they worked. Plaintiff also alleges that Mounic had the power to hire and fire employees, and would routinely exercise this power.

Plaintiff alleges that ever since he started his job in July 2007, Defendants engaged in an insidious scheme to avoid paying him for all the hours he worked during the weekdays. Plaintiff — who alleges that he is not a salaried worker but an hourly, non-exempt worker — claims that he was paid a weekly salary based on working eight hour shifts for each weekday. However, he would work eleven hour shifts per day and was not compensated accordingly for those three additional hours he worked. Plaintiff alleges that he was not paid for a total of fifteen hours per week for his entire seven-year tenure as a building superintendent. Plaintiff also alleges that during

---

[2] The following factual allegations are taken from Plaintiff's Amended Complaint unless indicated otherwise. All of Plaintiff's allegations are accepted as true for the purposes of a motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 20002).

[3] Defs.' Mot. Dismiss at 1.

the last three months of his employment, Defendants refused to pay him for hours he worked on the weekends.

### a. The CBA

As a member of the Union, certain aspects of Plaintiff's employment were governed by the CBA. Defendants argue that Article V and VI of the CBA, as provided below, unequivocally require that Plaintiff first grieve to the Union any disputes, and then arbitrate them if those disputes remain unresolved.

### ARTICLE V

### Grievance Procedure

> There shall be a Joint Industry Grievance Committee and a grievance procedure: . . .
>
> 5. Any matter submitted to arbitration shall be simultaneously submitted to [the] Joint Industry Grievance Committee.
>
> 6. The Committee shall be composed of representatives of the Union and the [Realty Advisory Board on Labor Relations, Inc. ("RAB")], who may be present at any meeting. If the Committee meeting is not held before the arbitration date, the meeting will be cancelled. . . .
>
> 7. Any grievance, except as otherwise provided herein and except a grievance involving basic wage violations . . . shall be presented to the RAB in writing within 120 days of its occurrence, except for grievances involving suspension without pay or discharge which shall be presented within 45 days, unless the Employer agrees to an extension. The Arbitrator shall have the authority to extend the above time limitations for good cause shown.
>
> 8. Where a failure to compensate overtime work can be unequivocally demonstrated through employer payroll records, the Union may grieve the failure to compensate such overtime work for the three (3) year period prior to the filing of the grievance.

## ARTICLE VI

### Arbitration

1. A Contract Arbitrator shall have the power to decide all differences arising between the parties to this Agreement as to interpretation, application or performance of any part of this Agreement, and such other issues as are expressly required to be arbitrated before the Arbitrator, including such issues as may be initiated by the Trustees of the Funds. Nothing in this Agreement shall preclude deferral where the National Labor Relations Act ("NLRA") provides for deferral.

3. The procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for determination of all such issues, and the Arbitrator shall have power to award appropriate remedies, the award being final and binding upon the parties and the employee(s) or Employer(s) involved. Nothing herein shall be construed to forbid either party from resorting to court for relief from, or to enforce rights under, any award.

(Delagana-Tagaliani Aff. Ex. A, at 15–18.)

## II. Defendants' Motion to Dismiss Under Rule 12(b)(1) for Lack of Subject-Matter Jurisdiction

### 1. The CBA Does Not Compel Plaintiff to Arbitrate His Federal and State Law Claims

Defendants argue that Plaintiff's complaint should be dismissed in its entirety because the CBA makes arbitration Plaintiff's sole and exclusive remedy.[4] The general rule is that mandatory arbitration clauses in CBAs are enforceable unless Congress prohibits those claims from being arbitrated. 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 257 (2009) ("Courts generally may not interfere in this bargained-for exchange."). Therefore, as a threshold matter, the court must determine whether Congress intended for such claims to be arbitrable. McLean v. Garage Mgmt. Corp., No. 10 Civ. 3950, 2011 WL 1143003, at *4 (S.D.N.Y. Mar. 29, 2011) (citing JLM Indus.,

---

[4] Defendants also incorrectly move to dismiss under Rule 12(b)(1) to compel arbitration. A mandatory arbitration clause in a collective bargaining agreement does not divest this Court of subject-matter jurisdiction. See Acevedo v. Tishman Speyer Props. L.P., No. 12 Civ. 1624, 2013 WL 1234953, at *2 (S.D.N.Y. Mar. 26, 2013).

5

Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004)). Here, there is no dispute that Plaintiff's federal and state labor law claims can be subjected to arbitration. See Reynolds v. de Silva, No. 09 Civ. 9218, 2010 WL 743510, at *4 (S.D.N.Y. Feb. 24, 2010) (holding that FLSA and NYLL claims are arbitrable).

If the claims are arbitrable, the next step is for the court to review the actual terms of the CBA to determine whether the parties intended to arbitrate the dispute. McLean, 2011 WL 1143003, at *4. It is well-established that "when a contract 'clearly and unmistakably' requires the parties to arbitrate a dispute, [the court] will enforce [the] arbitration agreement." Brown v. Servs. for the Underserved, No. 12-CV-317, 2012 WL 3111903, at *2 (S.D.N.Y. July 31, 2012) (quoting 14 Penn Plaza LLC, 556 U.S. at 274). A CBA "clearly and unmistakably" requires arbitration if either two of the following conditions is met: (i) the CBA contains a broad provision "agree[ing] to submit all federal causes of action arising out of their employment to arbitration," or (ii) the CBA "contains an explicit incorporation of the statutory . . . requirements" by identifying the statutes by name or citation. McLean, 2011 WL 1143003, at *5 (citing Rogers v. N.Y. Univ., 220 F.2d 73, 76 (2d Cir. 2000), abrogated on other grounds by 14 Penn Plaza, 556 U.S. at 274); accord Kaye, 975 F. Supp. 2d at 427; Severin v. Project OHR, No. 10 Civ. 9696, 2011 WL 3902994, at *3 (S.D.N.Y. Sept. 2, 2011).

Defendants argue that Articles V and VI of the CBA explicitly and unmistakably require that all disputes are to be decided by an arbitrator. Defendants highlight specifically the language, "A Contract Arbitrator shall have the power to decide all differences arising between the parties to this Agreement as to interpretation, application or performance of any part of this Agreement," to mean that any dispute arising out of Plaintiff's employment with Defendants is an issue within the sole authority of the arbitrator to decide. (Delagana-Tagaliani Aff. Ex. A, at 15.) In addition,

Defendants argue that the provision, "[t]he procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for determination of all such issues," gives the arbitrator the exclusive authority to decide employment issues arising from the CBA. Id. at 17.

However, this Court cannot accept Defendants' interpretation of these provisions as requiring Plaintiff to arbitrate his federal and state law claims. Neither provision contains broad language requiring specifically that all such claims be subject to arbitration, nor does the provision contain any specific incorporation of the applicable federal or state statutes by name or citation. The two provisions that Defendants highlight simply gives the arbitrator the full authority and power to decide all issues brought to arbitration by the parties. The CBA is conspicuously absent of any language that gives the arbitrator the exclusive authority to decide all legal disputes that the parties may have. Defendants' interpretation of the CBA would require one to engage in mental acrobatics or make inferential steps to ascertain its meaning. This is the exact opposite of what the clear and unmistakable standard demands.

Defendants claim that the writers of the CBA purposefully chose a broad arbitration clause to make clear that all matters involving interpretation of or relating to the CBA would fall within the sole ambit of the arbitrator's jurisdiction. This argument is unavailing given that the same CBA contains a provision that clearly and unmistakably requires Title VII claims to be arbitrated before parties can pursue them in federal court. The applicable provision provides in relevant part:

> There shall be no discrimination against any present or future employee by reasons of race, creed . . . or any characteristic protected by law, including but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. Section 1981, Family and Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Code, or other similar laws, rules or regulations. All such claims should be subject

7

> to the grievance and arbitration procedure (Articles V and VI) as sole and exclusive remedy for violations.

(Delagana-Tagaliani Aff. Ex. A, at 106–107 (emphasis added).) This is a perfect example of broad but specific language that subjects all federal and state employment discrimination claims to the CBA's grievance and arbitration procedure as the "sole and exclusive remedy for violations." Id. at 107 (emphasis added). And the provision specifically incorporates federal and state statutes. Id. Therefore, if Plaintiff was asserting Title VII claims, there would be no difficulty for Defendants to rely upon the above provision to compel arbitration. Defendants provide a litany of cases where courts have enforced this type of provision and directed the plaintiff to arbitration. See, e.g., Germosen v. ABM Indus. Corp., No. 13-CV-1978, 2014 WL 4211347, at *3 (S.D.N.Y. Aug. 26, 2014); Greene v. Am. Bldg. Maint., No. 12-CV-4899, 2013 WL 4647520, at *1 (E.D.N.Y. Aug. 28, 2013); Acevedo, 2013 WL 1234953, at *1.

This Court acknowledges that there are some courts that have interpreted the provisions that Defendants highlight to mean that any disputes involving the interpretation of the CBA must go before an arbitrator. Notably, there are two cases that Defendants cite, Boyum v. Horizon Condominium, No. 05 Civ. 4801, 2007 WL 576052, at *10 (S.D.N.Y. Feb. 22, 2007), and AM Property Holding Corp. v. Local 32B-32J Service Employees International Union, No. 03 Civ. 3261, 2003 WL 21277111, at *2 (S.D.N.Y. June 2, 2003). Although these two cases do support Defendants' general proposition that all disputes under the CBA must be decided by an arbitrator, they do not support the Defendants' argument that Plaintiff's claims under federal and state labor laws must also be subject to arbitration. Defendants have not provided a case on point where the court has interpreted the applicable CBA with similar provisions to require the plaintiffs to arbitrate FLSA and NYLL claims as their sole and exclusive remedy.

In Boyum, the plaintiff was asserting tort claims against her employer. Boyum, 2007 WL 576052, at *10. The court, after finding that plaintiff's claims were preempted by section 301 of the LMRA, held that arbitration was a proper remedy. Id. However, the court did not go through the analysis of whether the CBA made arbitration plaintiff's sole and exclusive remedy, but rather found arbitration to be an appropriate remedy given the nature of the claims.

In AM Property Holding Corp., the issue was whether a subsequent purchaser of a building was bound by the previous owner's building agreement. AM Property Holding Corp., 2003 WL 21277111, at *2. The court held that the subsequent purchaser was bound by the agreement because the subsequent purchaser assumed the liabilities of the previous owner. Again, this case is distinguishable because the plaintiff was not asserting claims under federal and state labor law.

On the other hand, there are some courts in this Circuit that have rejected Defendants' argument that a CBA with similar provisions compels arbitration as plaintiff's sole and exclusive remedy for FLSA and NYLL claims. See Kaye, 975 F. Supp. 2d at 427 (holding that the CBA did not clearly and unmistakably encompass the plaintiff's NYLL claims because the CBA provision did not provide that all statutory causes of action were subject to arbitration); see also McLean, 2011 WL 1143003, at *5 (same). This Court agrees with the analyses and conclusions of these cases. The CBA does not meet the standard of clearly and unmistakably compelling Plaintiff to arbitrate his federal and state labor law claims.[5]

---

[5] Plaintiff points out language in the CBA that would suggest that the issue of basic wage violations is not mandated to be grieved first and then arbitrated. One provision states, "Where a failure to compensation overtime work can be unequivocally demonstrated through employer payroll records, the Union may grieve the failure to compensate such overtime work for the three (3) year period prior to the filing of the grievance." (Delagana-Tagaliani Aff. Ex. A, at 15 (emphasis added); supra p. 4.) This Court agrees that this is even more telling that the CBA does not clearly and unmistakably require Plaintiff to arbitrate his FLSA and NYLL claims.

### 2. Plaintiff's Claims Are Not Preempted by the LMRA

Defendants also argue that Plaintiff's complaint should be dismissed because section 301 of the LMRA preempts Plaintiff's claims. Defendants argue that Plaintiff's claims are preempted because they would substantially rely on the CBA's wage and hour and overtime provisions.

Defendants' argument fails for three reasons. First, preemption under the LMRA does not deprive this Court of subject-matter jurisdiction. Section 301 states, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in <u>any district court in the United States having jurisdiction of the parties</u> . . . ." 29 U.S.C. § 185(a) (emphasis added). Therefore, even if Plaintiff's claims were preempted by the LMRA, these claims are properly before a federal court for review. Second, if Plaintiff's claims were preempted, this Court would have the discretion to direct the parties to arbitration. Arbitration is not automatic. See also <u>Russo v. 210 Riverside Tenants, Inc.</u>, No. 10 CIV 914, 2011 WL 166928, at *3 (S.D.N.Y. Jan. 19, 2011) ("Under the LMRA, districts courts are given 'discretion' to decide whether a plaintiff is required to 'exhaust internal union remedies' prior to filing suit.") (quoting <u>Maddaolone .v Local 17, United Bhd. of Carpenters</u>, 152 F.3d 178, 186 (2d Cir. 1998)).

The third reason is that it is well-established that claims under state labor laws are not preempted by the LMRA. The Second Circuit has held that state labor laws confer rights to the employee that are independent of the CBA. See, e.g., <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 115 (2d Cir. 2003); accord <u>Kaye</u>, 975 F. Supp. 2d at 422; <u>McLean</u>, 2011 WL 1143003, at *3; <u>Severin</u>, 2011 WL 3902994, at *3–4; <u>Polanco v. Brookdale Hosp. Med. Ctr.</u>, 819 F. Supp. 2d 129, 133 (E.D.N.Y. 2011). Even mere referral to certain portions of the CBA does not mandate preemption. <u>See</u>

Johnson v. D.M. Rothman Co., 861 F. Supp. 2d 326, 332 (S.D.N.Y. 2012) ("[Section] 301 does not mandate preemption of state law claims requiring 'mere referral' to a CBA to determine damages owed.") (quoting Wynn v. AC Rochester, 273 F.3d 153, 158 (2d Cir. 2001)). Defendants provide no compelling reason to derivate from the general rule in this Circuit.

### III. Defendants' Partial Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim

#### 1. Dismissal of Plaintiff's Overtime Claims Under the NYLL Based on the Janitorial Exemption Is Inappropriate at this Stage

Defendants move to dismiss Plaintiff's overtime claim under the NYLL based on the NYCRR's janitorial exemption. Defendants argue that Plaintiff's position as a building superintendent exempts him from receiving overtime compensation. Plaintiff counters that Defendants fail to carry their burden of proving that Plaintiff fit within the statutory exemption.

Under the New York regulations for the building service industry, a janitor is exempted from receiving overtime compensation. See 12 NYCRR § 141-1.4. A "janitor" is defined as the following:

> a person employed to render any physical service in connection with the maintenance, care or operation of a residential building. Where there is only one employee, such employee shall be deemed the janitor. Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. No building may have more than one janitor.

Id. at 141-3.4.

Typically, statutory exemptions should be asserted as affirmative defenses because affirmative defenses admit to the allegations in the complaint but provide a reason why plaintiff should not recover. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1271 (3d ed. 2012) (listing exemption from statutory coverage as an affirmative defense not included under Rule 8(c)). "[T]he application of an exemption under the [FLSA] is a matter of

11

affirmative defense on which the employer has the burden of proof." Corning Glass Works v. Brennan, 417 U.S. 188, 196–97 (1974); accord Chen v. Major League Baseball, 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014). "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998); see also Chen, 6 F. Supp. 3d at 454.

Defendants argue that, in general, building superintendents are janitors within the statutory exemption, citing Koljenovic v. Marx, 999 F. Supp. 2d 396 (E.D.N.Y. 2014) for support. Defendants argue that, by defining himself as a building superintendent, Plaintiff admits to being exempted as a janitor under the NYLL. However, Defendants' reliance on this general assertion is misguided. In Koljenovic, the court found that plaintiffs, who were building superintendents, fit within the statutory exemption of being a "janitor" after considering undisputed facts in the record that supported that conclusion. The Koljenovic court stated, "Deciding whether the [janitorial] exemption applies may require the court to consider both questions of fact and law; the question of how an employee spends his time is factual, while the issue of whether such activities render the employee exempt from the overtime provision is a question of law." Id. at 399 (citing Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 714 (1986)).

Here, Defendants fail to show any facts particularized to Plaintiff that his job as a building superintendent fell within the janitorial exemption. Moreover, even in the CBA, "superintendent" is not defined as a janitor. This exemption is not obvious based on the allegations in complaint. Therefore, dismissal of Plaintiff's NYLL overtime claim at this juncture is inappropriate.

### 2. Plaintiff Sufficiently Alleged that Mounic Is an Employer Under the FLSA and the NYLL

Defendants also argue that Mounic should be dismissed as a defendant in this case because Plaintiff does not allege sufficient facts to plausibly suggest that Mounic is an "employer" under the FLSA or the NYLL.

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff's claim must contain sufficient facts that when accepted as true, "state[] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff must plead sufficient facts that will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At the pleading stage, Plaintiff is also governed by Rule 8 to provide a "short and plain statement of the claim" and the relief sought. Fed. R. Civ. P. 8(a). Therefore, the claim need not contain detailed factual allegations but sufficient allegations to "raise a right to relief above the speculative level . . . ." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010).

To adequately plead that Mounic was an "employer" under the FLSA and the NYLL, Plaintiff must state sufficient facts under the "economic reality" test. The Second Circuit has adopted the "economic reality" test to determine whether a defendant is an "employer" under the FLSA and the NYLL. See Irizarry v. Catsimatidis, 722 F.3d 99, 104–105 (2d Cir. 2013). Under this test, the court must examine four factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained adequate employment records." Id. A positive finding on all four factors is not required to establish an employment relationship. See Barfield v. N.Y.C. Health and Hosps. Corp., 537 F.3d 132, 143 (2d Cir. 2008).

Plaintiff has pleaded sufficient facts that, when accepted as true, provide a reasonable inference that Mounic acted as an employer under the FLSA and NYLL. Plaintiff alleges that Mounic "personally managed and oversaw the day-to-day operation of Defendant 145 East 15th Street and he was responsible for determining matters with respect to determining employees' rates and methods of pay and hours worked." (Compl. ¶ 11.) Mounic also had "the power to hire and fire, and he routinely used this power to hire and/or fire Defendant 145 East 15th Street." Id. Defendants argue that the fact that Mounic held the position of the co-op board president is insufficient to make Mounic liable as an employer. However, Plaintiff clearly does not rely only on Mounic's position to show that he acted as an employer. Plaintiff need only provide a short and plain statement with sufficient allegations that, accepted as true, show that Mounic was an employer. Plaintiff has done so here and, for now, Mounic will remain a named defendant in this case.

## CONCLUSION

Defendants' Motion to Dismiss the Complaint is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 14.

Dated: July 22, 2015
      New York, New York

SO ORDERED.

*George B. Daniels* (signature)
GEORGE B. DANIELS
United States District Judge