UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

PJETER GJONI, on behalf of himself and all others similarly :      Index No: 14-CV-8982
situated,                                                            :            (GBD)

                                            Plaintiff, :

              :

                 -against-                  :            **ANSWER**

             :

ORSID REALTY CORP., and 145 EAST 15TH STREET :
TENANTS CORP., and GERARD MOUNIC, in his :
individual and professional capacities, :

             :

                       Defendants. :

------------------------------------------------------------------------X

        Defendants Orsid Realty Corp., 145 East 15th Street Tenants Corp. (the "Coop"), and Gerard

Mounic (collectively, the "Defendants"), by their attorneys Cantor, Epstein & Mazzola, LLP, as and

for their answer to the Complaint dated November 10, 2014 (the "Complaint"), allege upon

information and belief, as follows:

        1.       Deny the allegations contained in paragraph 1 of the Complaint.

        2.       Deny the allegations contained in paragraph 2 of the Complaint.

        3.       Deny the allegations contained in paragraph 3 of the Complaint.

        4.       Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4 of the Complaint.

        5.       Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 5 of the Complaint, and respectfully refer all questions of law to

the Court.

        6.       Deny the allegations contained in paragraph 6 of the Complaint, and respectfully refer

all questions of law to the Court.

       7.      Deny the allegations contained in paragraph 7 of the Complaint, and respectfully refer all questions of law to the Court.

       8.      Deny the allegations contained in paragraph 8 of the Complaint.

       9.      Admit the allegations contained in paragraph 9 of the Complaint.

      10.      Admit the allegations contained in paragraph 10 of the Complaint.

      11.      Deny the allegations contained in paragraph 11 of the Complaint.

      12.      Deny the allegations contained in paragraph 12 of the Complaint.

      13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and respectfully refer all conclusions of law to the Court.

      14.      Deny the allegations contained in paragraph 14 of the Complaint.

      15.      Deny the allegations contained in paragraph 15 of the Complaint.

      16.      Deny the allegations contained in paragraph 16 of the Complaint.

      17.      Deny the allegations contained in paragraph 17 of the Complaint.

      18.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and respectfully refer all questions of law to the Court.

      19.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and respectfully refer all questions of law to the Court.

20.     Deny the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint, and respectfully refer all questions of law to the Court.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

23.     Deny the allegations contained in paragraph 23 of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint.

25.     Deny the allegations contained in paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint, except admit that Orsid is a real estate management company and the managing agent for the Coop.

31.     Deny the allegations contained in paragraph 31 of the Complaint, and respectfully refer all questions of law to the Court.

32.     Deny the allegations contained in paragraph 32 of the Complaint, except admit only that Mounic is the board president of the Coop.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

36.     Deny the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     Deny the allegations contained in paragraph 42 of the Complaint.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

46.     Deny the allegations contained in paragraph 46 of the Complaint.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny the allegations contained in paragraph 48 of the Complaint.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Deny the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CLAIM

53.     Defendants repeat and re-allege their responses to paragraphs 1-52 of the Complaint as if fully set forth herein.

4

54.     With respect to paragraph 54 of the Complaint, no response is needed as there are no allegations directed to Defendants, and respectfully refer all questions of law to the Court.

55.     Deny the allegations contained in paragraph 55 of the Complaint.

56.     Deny the allegations contained in paragraph 56 of the Complaint.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Deny the allegations contained in paragraph 58 of the Complaint.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CLAIM

60.     Defendants repeat and re-allege their responses to paragraphs 1-59 of the Complaint as if fully set forth herein.

61.     With respect to paragraph 61 of the Complaint, no response is needed as there are no allegations directed to Defendants, and respectfully refer all questions of law to the Court.

62.     Deny the allegations contained in paragraph 62 of the Complaint.

63.     Deny the allegations contained in paragraph 63 of the Complaint.

64.     Deny the allegations contained in paragraph 64 of the Complaint.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny the allegations contained in paragraph 66 of the Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CLAIM

67.     Defendants repeat and re-allege their responses to paragraphs 1-66 of the Complaint as if fully set forth herein.

68.     With respect to paragraph 68 of the Complaint, no response is needed as there are no

allegations directed to Defendants, and respectfully refer all questions of law to the Court.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny the allegations contained in paragraph 70 of the Complaint.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

72.     Deny the allegations contained in paragraph 72 of the Complaint.

73.     Deny the allegations contained in paragraph 73 of the Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CLAIM

74.     Defendants repeat and re-allege their responses to paragraphs 1-73 of the Complaint as if fully set forth herein.

75.     With respect to paragraph 75 of the Complaint, no response is needed as there are no allegations directed to Defendants, and respectfully refer all questions of law to the Court.

76.     Deny the allegations contained in paragraph 76 of the Complaint.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     Deny the allegations contained in paragraph 78 of the Complaint.

79.     Deny the allegations contained in paragraph 79 of the Complaint.

80.     Deny the allegations contained in paragraph 80 of the Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH CLAIM

81.     Defendants repeat and re-allege their responses to paragraphs 1-80 of the Complaint as if fully set forth herein.

82.     With respect to paragraph 82 of the Complaint, no response is needed as there are no allegations directed to Defendants, and respectfully refer all questions of law to the Court.

83.     Deny the allegations contained in paragraph 83 of the Complaint.

84.     Deny the allegations contained in paragraph 84 of the Complaint.

85.     Deny the allegations contained in paragraph 85 of the Complaint.

86.     Deny the allegations contained in paragraph 86 of the Complaint.

87.     Deny the allegations contained in paragraph 87 of the Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH CLAIM

88.     Defendants repeat and re-allege their responses to paragraphs 1-87 of the Complaint as if fully set forth herein.

89.     With respect to paragraph 89 of the Complaint, no response is needed as there are no allegations directed to Defendants, and respectfully refer all questions of law to the Court.

90.     Deny the allegations contained in paragraph 90 of the Complaint.

91.     Deny the allegations contained in paragraph 91 of the Complaint.

92.     Deny the allegations contained in paragraph 92 of the Complaint.

## AS AND FOR A RESPONSE TO THE SEVENTH CLAIM

93.     Defendants repeat and re-allege their responses to paragraphs 1-92 of the Complaint as if fully set forth herein.

94.     With respect to paragraph 94 of the Complaint, no response is needed as there are no allegations directed to Defendants, and respectfully refer all questions of law to the Court.

95.     Deny the allegations contained in paragraph 95 of the Complaint.

96.     Deny the allegations contained in paragraph 96 of the Complaint.

97.     Deny the allegations contained in paragraph 97 of the Complaint.

98.     Deny the allegations contained in paragraph 98 of the Complaint.

**DEMAND FOR A JURY TRIAL**

99.     With respect to paragraph 99 the Complaint, no response is needed as there are no allegations directed to Defendants, and respectfully refer all questions of law to the Court.

**AFFIRMATIVE DEFENSES**

**FIRST:** The Complaint must be dismissed on the grounds that it fails to state a cause of action against Defendants upon which relief can be granted.

**SECOND:** The Complaint must be dismissed based upon documentary evidence.

**THIRD:** The Complaint must be dismissed to the extent the claims therein are asserted beyond the applicable statute of limitations.

**FOURTH:** Plaintiff's claims under the New York Labor Law must be dismissed because the plaintiff is a "janitor in a residential building" and as such is exempt from overtime requirements.

**FIFTH:** Plaintiff's claims under the Fair Labor Standards Act must be dismissed because he is exempt from the overtime requirements of that statute because he was a supervisor and/or highly compensated.

**SIXTH:** Plaintiffs claims for overtime payment must be dismissed because Plaintiff was responsible for preparing, reviewing and submitting his own accurate timesheets, as well as those for employees under his supervision, and Plaintiff was paid for all overtime he indicated he worked.

**SEVENTH:** Plaintiff is barred from seeking overtime beyond what he contemporaneously submitted on his timesheets, and was paid based on his timesheets, by the equitable doctrines of

waiver, estoppel and laches.

**EIGHTH:** The Complaint should be dismissed because Defendants acted in good-faith conformity with, and in reliance upon, all applicable written regulations, orders, rulings, approvals, or interpretations of the Department of Labor's Wage and Hour Division, or any administrative practices or enforcements of the Division with respect to the class of employers to which Defendants belonged.

**NINTH:** The Complaint should be dismissed because Defendants acted in good-faith conformity with, and in reliance upon, the collective bargaining agreement between Defendant Coop and all applicable written regulations, orders, rulings, approvals, or interpretations of the Department of Labor's Wage and Hour Division, or any administrative practices or enforcements of the Division with respect to the class of employers to which Defendants belonged.

**TENTH:** The Complaint must be dismissed because Plaintiff has failed to mitigate, minimize or avoid the damage about which they now complain and/or failed to follow the doctrine of avoidable consequences.

**ELEVENTH:** The Complaint must be dismissed, because during the time Plaintiff claims to have worked, he was not in fact dedicated to performing work on behalf of his employer.

**TWELFTH:** The Complaint must be dismissed, because Plaintiff did not request permission to work overtime beyond what was submitted on his timesheets, for which he was duly compensated.

**THIRTEENTH:** The Complaint must be dismissed, as Plaintiff was paid any and all wages which he was entitled to receive pursuant to his collective bargaining agreement.

9

**FOURTEENTH:** Plaintiff is not entitled to civil penalties, prejudgment/post-judgment interest, statutory damages, liquidated damages, punitive damages, or an extended statute of limitations because any alleged act or omission giving rise to Plaintiff's claims was made in good faith and was not willful since Defendants had reasonable grounds for believing that any such alleged act or omission was not a violation of the Fair Labor Standards Act, the New York Labor Law, or the New York State Wage Theft Prevention Act.

**FIFTEENTH:** The Complaint must be dismissed as against Defendant Orsid, a mere agent for a disclosed principal.

**SIXTEENTH:** The Complaint must be dismissed as against Defendant Orsid, which did not employ the Plaintiff.

**SEVENTEENTH:** The Complaint must be dismissed because the claims require interpretation of the collective bargaining agreement in force between plaintiff and the Coop, and they are therefore pre-empted by § 301 of the Labor Management Relations Act.

**EIGHTEENTH:** The Complaint must be dismissed because the claims are required to be arbitrated.

**NINETEENTH:** The Complaint must be dismissed because the Court is without subject matter jurisdiction.

**TWENTIETH:** The Complaint must be dismissed as against Defendant Mounic, a volunteer board member who did not profit by any alleged underpayment, because he is not an employer within the meaning of the applicable statutes.

10

**TWENTY-FIRST:** This action is inappropriately brought as a class action, since plaintiff was the only superintendent within the buildings and there are no other similarly-situated employees.

**TWENTY-SECOND:** Defendants reserve the right to assert additional affirmative defenses at any time prior to the time of trial.

**WHEREFORE,** Defendants respectfully demand a judgment dismissing the Complaint in its entirety with prejudice; and awarding such other and further relief as to this Court deems just, proper and equitable.

Dated: New York, New York
      August 28, 2015

CANTOR, EPSTEIN & MAZZOLA, LLP
*Attorneys for Defendants*

By:_____
           Bryan J. Mazzola, Esq.
           49 West 37th Street
           New York, New York 10018
           (212) 768-4343

11